IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00351-MR

MICHAEL RAY COFFEY, a/k/a )
RANDALL CHARLES SANDERS, )
)
             Plaintiff, )
) **MEMORANDUM OF**
   vs. ) **DECISION AND ORDER**
)
NORTH CAROLINA PRISONER )
LEGAL SERVICES, et al., )
)
            Defendants. )
_____ )

**THIS MATTER** is before the Court on initial review of the Plaintiff's Complaint [Doc. 1], as amended [Doc. 5] pursuant to 28 U.S.C. § 1915.

## I.    BACKGROUND

The Plaintiff Michael Coffey, proceeding *pro se*, is an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia. He filed this action on April 27, 2018, asserting claims under 42 U.S.C. § 1983 and naming North Carolina Prisoner Legal Services ("NCPLS") and North Carolina Department of Public Safety – Division of Prisons ("NCDPS") as defendants. The Plaintiff filed an Amended Complaint on May 14, 2018. [Doc. 5].

From 2008 to 2012, the Plaintiff was serving a sentence in the State of North Carolina for the offenses of second-degree kidnapping and possession of a firearm by a convicted felon.[1] [Doc. 5 at 4-5]. In August 2009, while he was still serving his North Carolina sentence, the Plaintiff was brought before the Cherokee County Superior Court in Canton, Georgia, where he pled guilty to various Georgia state offenses. The Plaintiff was then returned to NCDPS custody to complete his North Carolina sentence. [Id.]. The Plaintiff appealed his Georgia conviction, and appellate counsel was appointed to represent the Plaintiff on appeal in his Georgia case. When appellate counsel withdrew, the Plaintiff "took immediate action by writing letters to various resources," including NCPLS.[2] The Plaintiff alleges that NCPLS responded that they would not provide assistance for a case outside of North Carolina. [Id. at 5].

---

[1] See North Carolina Department of Public Safety Offender Public Information, https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0081191&searchLastName=coffey&searchFirstName=michael&searchMiddleName=r&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited July 16, 2020).

[2] NCDPS no longer has law libraries; instead, to provide prisoners with meaningful access to courts, NCDPS contracts with NCPLS, a non-profit, legal services program, to provide limited civil representation to inmates incarcerated in North Carolina prisons. See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987); see also Wrenn v. Freeman, 894 F. Supp. 244, 247-48 (E.D.N.C. 1995).

The Plaintiff alleges that his appellate counsel did not respond to his letters for three years. The Plaintiff alleges that he advised the Cherokee County Clerk's Office that his appellate counsel was abandoning his case, and that he was advised to file a state habeas action. [Id. at 6-7]. The Plaintiff proceeded to file a state habeas actions in Georgia, which was dismissed. During this time, the Plaintiff again requested legal assistance for NCPLS, but was advised that NCPLS could not provide assistance to him with respect to his Georgia habeas case.

Upon completing his term of incarceration in North Carolina in June 2012, the Plaintiff was returned to Georgia to begin serving his state sentence there. He filed a second state habeas action, which was dismissed as a successive petition in April 2014. [Id. at 8]. After exhausting his state appeals, the Plaintiff filed a federal habeas action in the Northern District of Georgia in December 2015. The Plaintiff's federal petition was denied in May 2016. He then filed a certificate of appealability with the Eleventh Circuit Court of Appeals, which was denied in February 2017. [Id. at 8-9]. The Plaintiff then filed this § 1983 action in April 2018. [Doc. 1].

As grounds for relief, the Plaintiff asserts that NCDPS and NCPLS failed to provide him any "legal information" or assistance during his period of incarceration in North Carolina from 2008 to 2012, thereby causing a

3

substantial denial of his right to access to courts. Specifically, the Plaintiff alleges that "if the basic litigation information would have been provided by [NCDPS] or NCPLS, while he was in the custody of [NCDPS], he would have prevailed on his claims and met procedural filing requirements, . . . which would have changed the outcome of the case." [Doc. 5 at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

4

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that states must affirmatively provide prisoners with either law libraries or persons trained in the law to assist in the prosecution of both post-conviction proceedings and civil rights actions. To comply with this requirement, North Carolina has contracted with NCPLS to assist North Carolina prisoners with their claims. Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001).

To succeed on a denial of access to courts claim, an inmate must "demonstrate that the alleged shortcomings in the [prison] library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). For example, meaningful access to courts is denied when an inmate is not permitted to prepare a petition or complaint. See Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). The "meaningful access" guaranteed by Bounds does not entitle a prisoner to total or unlimited access. See Alvarez v. Davis, No. 1:19-cv-00034-FDW. 2019 WL 5616921, at *5 (W.D.N.C. Oct. 30, 2019) (Whitney, C.J.).

5

Here, the Plaintiff fails to state a claim for any constitutional violation by either Defendant. While the Plaintiff alleges that NCPLS wrongfully denied him assistance in prosecuting his Georgia habeas actions, "NCPLS attorneys are at liberty to use their professional judgment and are not obligated to undertake representation in virtually every case brought by inmates." Pickens v. Shanahan, No. 1:16CV251, 2016 WL 9077909, at *3 (M.D.N.C. Apr. 7, 2016), report and recommendation adopted, No. 1:16CV251, 2016 WL 9074614 (M.D.N.C. Apr. 25, 2016), and aff'd, 682 F. App'x 186 (4th Cir. 2017). Moreover, the Plaintiff has failed to plausibly allege that either NCDPS or NCPLS hindered his efforts to pursue his legal claims with respect to his Georgia conviction. Indeed, the Plaintiff's own pleadings reveal that, notwithstanding the lack of access to a law library and the lack of assistance from NCPLS, the Plaintiff had access to counsel in the Georgia proceedings; that he was in frequent communication with both the federal and state courts in Georgia; that he had access to the Georgia Legal Services Program[3]; and that he was able to file multiple habeas actions in

---

[3] The Plaintiff attaches to his Amended Complaint a letter dated December 29, 2009 that he received from the Georgia Legal Services Program ("GLSP"). In this letter, a GLSP attorney advises him that GLSP could not assist him with a civil case in North Carolina. The GLSP attorney also advises that if the Plaintiff has "a civil legal problem in Georgia," he should contact GLSP. It is unclear whether the Plaintiff ever did so. Nevertheless, this letter indicates that the Plaintiff was at least made aware of this potential resource as early as December 2009.

the Georgia courts. Thus, the Plaintiff has failed to plausibly allege that he has been denied meaningful access to the courts by the Defendants.

For the reasons stated herein, the Plaintiff's action is dismissed for failure to state a claim.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint, as amended [Docs. 1, 5] is **DISMISSED** on initial screening for failure to state a claim.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: July 21, 2020

Martin Reidinger
Chief United States District Judge